[Crim. No. 8079. First Dist.. Div. One. Nov. 13, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID RAY COBAS, Defendant and Appellant.

COUNSEL

Leslie W. Hobson, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and John T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ELKINGTON, J.—Laverne Cobas came to her death about 9:30 a.m. on March 22, 1968, apparently by strangulation. Her ex-husband, defendant David Ray Cobas, was charged with her murder. A jury found him guilty of murder, second degree; the appeal is from the judgment thereafter entered on the jury's verdict.

There were no eyewitnesses to the killing. However, at the trial the People produced substantial evidence, including an oral confession of Cobas, that he was the perpetrator.

 Over the specific objection of counsel for Cobas the trial court gave the jury the following instruction: "[T]he unlawful killing of a human being with malice aforethought is murder of the second degree . . . when the killing is a direct causal result of the perpetration or the attempt to perpetrate a felony inherently dangerous to human life, such as an assault with force likely to produce great bodily injury."

This instruction in effect told the jury that if Cobas had killed the victim, he was guilty at least of second degree murder. Her death was caused by strangulation, by definition and in the language of the instruction, an assault with "force likely to produce great bodily injury" (Pen. Code, § 245), a felony inherently dangerous to human life.

In *People v. Ireland*, 70 Cal.2d 522, 539-540 [75 Cal.Rptr. 188, 450 P.2d 580], decided after the trial below, the giving of a near counterpart to the instant instruction was held to be error. The court stated that from it the jury "would have concluded that it should find defendant guilty of second

degree murder if it found only that the homicide was committed in the perpetration of the crime of assault with a deadly weapon," thus relieving the jury of the necessity of otherwise finding malice aforethought, a necessary element of the crime of murder. *Ireland* is clearly applicable to the case before us; the giving of the questioned second degree felony-murder instruction was error.

■ Conceding the application of *Ireland,* the Attorney General insists that the error was nevertheless nonprejudicial and harmless. (See Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

There was much evidence before the jury which would have supported a finding of lack of malice under the "diminished capacity" or *"Wells-Gorshen"* rule. (See Witkin, Cal. Crimes (1969 Supp.) §§ 300-302, 321, 337A, and cases there collected.) When taken into custody Cobas at times spoke incoherently, mumbling and saying things that made no sense. He had a blood alcohol content of 0.25 percent, which indicated a high level of intoxication. He had a history as a patient at mental institutions, the latest a period of two days ending the day before the homicide. A psychiatrist testified that on the day in question Cobas was psychotic, and unable to think, or reason, or evaluate, or control impulses.

It is true that the court did otherwise instruct the jury on the principle of diminished capacity, stating among other things, "[I]f you find that his mental capacity was so diminished that he did not or you have a reasonable doubt whether he did, harbor malice aforethought as it has been defined for you, you cannot find him guilty of murder of either the first or second degree."

The diminished capacity instruction properly advised the jury that they must find malice before they could find Cobas guilty of murder. On the other hand the second degree felony-murder instruction, without regard to malice, purported to require a second degree murder conviction if the homicide resulted from the crime of "assault with force likely to produce great bodily injury"—a crime unmistakably established by substantial evidence. In the manner condemned by *People* v. *Ireland, supra,* 70 Cal.2d 522, 539, this "would have relieved the jury from a specific finding of malice aforethought."

The inconsistent and misleading instructions concerned the very heart of Cobas' defense. It was said in *People* v. *Rogers,* 22 Cal.2d 787, 807 [141 P.2d 722], "Error in an instruction which ordinarily would not prejudice the rights of a defendant may justify a reversal of the judgment where the jury is misdirected or misled upon an issue vital to the defense and the evidence does not point unerringly to the guilt of the person accused." And

*People* v. *Cornett,* 33 Cal.2d 33, 41 [198 P.2d 877], states, "Where it is impossible to determine which of inconsistent instructions were followed by the jury, conflicting instructions have been held to constitute reversible error." We consider these authorities to be applicable here; the judgment must be reversed.

We also find merit in Cobas' further contention of error in the trial court's failure to instruct the jury in substantially the language of *People* v. *Castillo,* 70 Cal.2d 264, 269 [74 Cal.Rptr. 385, 449 P.2d 449], that "[I]t could convict defendant of *voluntary manslaughter* if it found that defendant had intentionally taken life but in so doing lacked malice because of diminished capacity due to mental defect, mental illness, or intoxication. . . ." Failure to give such an instruction on "non-statutory manslaughter" is prejudicial per se where the defense of diminished capacity is fairly raised by the evidence. (*People* v. *Mosher,* 1 Cal.3d 379, 390 [82 Cal.Rptr. 379, 461 P.2d 659]; see also *People* v. *Castillo, supra,* p. 271; *People* v. *Conley,* 64 Cal.2d 310, 319-320 [49 Cal.Rptr. 815, 411 P.2d 911].)

We discuss another issue raised by Cobas since it may recur at his retrial. Relying on *In re Cameron,* 68 Cal.2d 487 [67 Cal.Rptr. 529, 439 P.2d 633], he contends that his confession, made to police officers following his arrest, was inadmissible *as a matter of law.* The contention is founded on the evidence, briefly discussed *ante,* relating to his mental condition at the time of his arrest. *In re Cameron, supra,* states: "A confession is involuntary unless it is 'the product of a rational intellect and a free will,' " and "If an accused's will is overborne because of impairment of his ability to exercise his rational intellect and free will, it is immaterial whether that impairment was caused by the police, third persons, the accused himself, or circumstances beyond anyone's control." (P. 498.) It may fairly be said that opposing inferences might reasonably be drawn from the evidence on the question of Cobas' "ability to exercise his rational intellect and free will" following his arrest. The resolution of the question was therefore for the trier of fact, here the court. (See Evid. Code, § 405; *People* v. *Carroll,* 4 Cal.App.3d 52, 57-60 [84 Cal.Rptr. 60].) The contention that the confession was inadmissible as a matter of law is without merit.

As the circumstances on which other claims of error are based will probably not appear on Cobas' retrial, no purpose will be served by their resolution on this appeal.

The judgment is reversed.

Molinari, P. J., and Sims, J., concurred.